IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| William Cox | : | |
| | : | Case No. C-1-03-679 |
| Plaintiff, | : | |
| v. | : | District Judge Susan J. Dlott |
| | : | |
| Transit Group Transportation, LLC | : | ORDER GRANTING DEFENDANT'S |
| | : | MOTION FOR PARTIAL SUMMARY |
| Defendant. | : | JUDGMENT, DENYING |
| | | PLAINTIFF'S MOTION FOR |
| | | PARTIAL SUMMARY JUDGMENT, |
| | | AND DISMISSING WITHOUT |
| | | PREJUDICE PLAINTIFF'S STATE |
| | | LAW CLAIMS |

This matter comes before the Court on the parties' cross-motions for partial summary judgment: Plaintiff's Motion for Partial Summary Judgment (doc. # 28) and Defendant's Motion for Partial Summary Judgment (doc. # 24). For the reasons that follow, the Court **GRANTS** Defendant's Motion for Partial Summary Judgment (doc. # 24), **DENIES** Plaintiff's Motion for Partial Summary Judgment (doc. # 28), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims.

I.  PROCEDURAL HISTORY AND BACKGROUND

Plaintiff William Cox is a resident of Cincinnati, Ohio, who was formerly employed by Defendant Priority America, Inc., f/k/a Transit Group Transportation, LLC ("Priority America"). Priority America is a Florida corporation with its principal offices in Orlando, Florida. This case arises out of the termination of Cox's and Priority America's employment relationship. Cox filed suit on October 1, 2003, claiming that Priority America failed to pay him benefits to which he was entitled under his employment contract in violation of Ohio common

1

law and the Ohio Revised Code ("O.R.C."), and failed to provide him with notice of his right to continuation of benefit coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), codified in ERISA at 29 U.S.C. § 1161 et seq.  Cox filed his Amended Complaint on May 20, 2005 (doc. # 33).

## II.  ANALYSIS

### A.  Jurisdiction and Legal Standard

This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332.  Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that permissibly can be drawn therefrom, must be read in the light most favorable to the party opposing the motion.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The nonmoving party "must set forth specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The task of the Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A genuine issue for trial exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  Id. at 252.

### B.  Defendant's Motion for Partial Summary Judgment

Priority America has moved for summary judgment on Count III of Cox's Amended Complaint.  In Count III, Cox makes a claim against Priority America under 29 U.S.C. § 1166 and 29 U.S.C. § 1132, which provides for damages.  Under section 1166, the administrator of a

health insurance plan must notify any qualified beneficiary of his rights under the statute following a qualifying event, such as termination. See 29 U.S.C. §§ 1166(a)(4)(A) and 1163(2). One such right is the right of a qualified beneficiary to extend his or her health insurance coverage for up to eighteen months from the date of a "qualifying event."[1] Cox alleges that Priority America failed to notify him of his right to elect continuation of his health insurance coverage following his termination. See 29 U.S.C. §§ 1161(a) and 1162(2)(A)(I).

Priority America argues that Cox was not a qualified beneficiary under the statute, and therefore was not entitled to continuing coverage, so Priority America had no obligation under the statute to notify him of continuing coverage. Whether a person was covered under a plan on the day before a qualifying event is determinative of whether that person is considered a qualified beneficiary: "[A]n individual ... who is not covered under a plan on the day before the qualifying event cannot be a qualified beneficiary with respect to that qualifying event, and the reason for the individual's lack of actual coverage (such as the individual's having declined participation in the plan or failed to satisfy the plan's conditions for participation) is not relevant." See 26 C.F.R. § 54.4980B-3. It is undisputed that Cox never participated in Priority's health insurance plan. (See Cox dep. at 45.)

Cox argues that even though he did not participate in Priority's health insurance plan, he is nevertheless a qualified beneficiary because Priority America reimbursed him for his out-of-pocket payments for COBRA health insurance that he maintained through his previous employer, Specialty Meats. In essence, Cox appears to be arguing that Priority's agreement to reimburse him qualifies as a plan and that he was a qualified beneficiary under that plan.

---

[1] Priority America does not dispute that the termination of Cox's employment qualifies as a "qualifying event."

The question of whether a plan qualifies as an ERISA plan "is a question of fact to be answered in light of all the surrounding circumstances and facts from the point of view of a reasonable person." See Thompson v. American Home Assur. Co., 95 F.3d 429, 434 (6th Cir. 1996). The Sixth Circuit has held that "if, upon examining all the relevant circumstances, there is some factual showing on the record of substantial employer involvement in the creation or administration of the plan," it is appropriate to find the employer has endorsed the plan such that it is covered by ERISA. See id. at 436. "In evaluating an employer's role in the creation and administration of a plan, emphasis should be placed on those circumstances which would allow an employee to reasonably conclude that the employer had compromised its neutrality in offering the plan." Id. at 437.

The Sixth Circuit does not appear to have considered the specific question of whether an employer's agreement to reimburse a single employee's out-of-pocket payments for insurance premiums constitutes a plan under ERISA. Both parties direct the Court to persuasive authority from other circuit courts. Cox directs this Court to Donovan v. Dillingham, 688 F.2d 1367 (11th Cir. 1982), in support of his argument. Donovan, however, does not support Cox's argument. First, in Donovan, the Eleventh Circuit did not consider the question in this case, but instead whether UIT, an insurance trust "whose purpose [was] to allow employers of small numbers of employees to secure group health insurance coverage for their employees at rates more favorable than offered directly by an insurer," and/or its member employers, had established group health plans that rendered them fiduciaries under ERISA. See Donovan, 688 F.2d at 1370. Second, in holding that the employers who subscribed to UIT had established group health plans under ERISA, the Donovan court relied on several factors absent here: 1) the employers purchased

4

insurance directly; 2) to provide insurance to multiple employees; and 3) under "circumstances tending to show an anticipated continuing furnishing of such benefits" in that manner. Id. at 1374-75. Donovan does not support Cox's argument, and Cox cites no other supporting authority.

Priority directs the Court to New England Mut. Life Ins. Co., Inc. v. Baig, 166 F.3d 1, 4 (1st Cir. 1999), wherein the First Circuit considered almost the precise issue at hand: whether an employer created a plan under ERISA by reimbursing one employee's out-of-pocket payments of insurance premiums. The First Circuit held that such an agreement does not qualify as a "group health plan" under ERISA.[2] The Court reasoned that:

> The policy at issue here was not initially established by a contractual arrangement between [the employer] and [the insurer]; rather, [the employee] made the initial purchase directly. [The employee] paid the premiums directly to [the insurer]. The policy was an individual policy covering only [the employee] himself. Under these particular circumstances, the reimbursement by his employer of premiums paid directly by [the employee] did not create a plan under ERISA.

Id.

This Court finds the First Circuit's reasoning in Baig to be persuasive. Cox's health insurance plan was not established through a contractual arrangement between Priority and the

---

[2]Under COBRA, "the term 'group health plan' means an employee welfare benefit plan providing medical care . . . to participants or beneficiaries directly or through insurance, reimbursement, or otherwise." See 29 U.S.C. § 1167(1). And under ERISA, an "employee welfare benefit plan" means "any plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, disability, death or unemployment." See 29 U.S.C. § 1002(1).

insurance provider, but was continuing coverage of his health insurance through Specialty Meat's group health plan. Cox paid the COBRA payments directly, and his health insurance plan did not cover any other Priority employees. Moreover, Cox's COBRA coverage "did not bear any relationship to [his] employment, and would have continued in effect as long as [he] continued to pay the premiums [and was entitled to continuing coverage], regardless of any changes in his employment situation." Id. at 5. As such, Priority clearly did not offer, establish, or maintain a group health plan by reimbursing Cox's out-of-pocket COBRA payments, and no reasonable employee could think otherwise. This Court will thus follow Baig in holding that Priority did not create a group health plan by agreeing to reimburse Cox for his out-of-pocket COBRA payments. The fact that Priority reimbursed Cox for his out-of-pocket COBRA payments thus does not change the undisputed fact that Cox was never enrolled in Priority's group health plan, and was therefore never a covered employee or qualified beneficiary.

Cox also argues that he was a qualified beneficiary because in January of 2003, when he was finally eligible to enroll in Priority America's health insurance program, he signed and returned the necessary enrollment form via inter-office mail to Jill Steimle, Priority America's former Human Resources Manager. Cox attached to his Response an Enrollment Application and Change Form ("enrollment form"), which is signed by him and dated January 1, 2003. (See doc. # 25, ex.2.) Priority America submits Steimle's affidavit, in which she attested that Cox and his family were never participants in the health insurance plan. (See doc. # 24, ex.1, ¶ 3.)

Cox cites Fink v. Dakotacare, 324 F.3d 685, 690 (8th Cir. 2003) for the proposition that "when an employee does everything within his or her power to extend coverage, the employer is liable thereto for that coverage." (See doc. # 25). Cox appears to be arguing that by submitting

6

the enrollment forms, he did everything in his power to secure health coverage for himself and his family, and is therefore entitled to continuation coverage despite the fact that he was never enrolled in Priority's plan.

Fink does not support Cox's contention because it does not stand for the broad proposition that Cox attributes to it and because the facts are not analogous. In Fink, the Eighth Circuit considered whether a plan member's child, who was already receiving COBRA coverage, was entitled to that coverage despite the plan member's failure to enroll in a new plan when her former employer announced it was switching plan providers. Fink, 324 F.3d at 687-88. While the Eighth Circuit did note that Congress' purpose in enacting COBRA was to avoid gaps in coverage, the court's decision was based not on this broad policy reason, but rather on the fact that the plan member timely paid her monthly premium to the old plan provider before the new plan took effect and before she officially resigned her coverage under the old plan. Id. at 688-90. Thus, Fink is limited to its facts, which are not analogous to those here.

While the parties dispute both whether Cox submitted the enrollment form to Steimle and whether he ever wanted to enroll in Priority's health insurance plan, those disputed facts are not material. Again, under COBRA, "an individual ... who is not covered under a plan on the day before the qualifying event cannot be a qualified beneficiary with respect to that qualifying event, and the reason for [an] individual's lack of actual coverage . . . is not relevant." See 26 C.F.R. § 54.4980B-3. None of Cox's arguments change the undisputed fact that Cox was never enrolled in Priority's group health insurance plan. Thus, Cox was not entitled to notice of continuing coverage under section 1166(a)(4)(A), and Priority is entitled to judgment as a matter of law on

Cox's claim under 29 U.S.C. § 1166.[3] The Court therefore **GRANTS** Defendant's Motion for Partial Summary Judgment (doc. # 24).

    **C.**    **Plaintiff's Motion for Partial Summary Judgment**

Cox moves for partial summary judgment on his state law claims in Count I, a claim for breach of his employment agreement, and Count II, a claim for violation of O.R.C. § 4113.15. Because the Court has granted summary judgment to Defendant Priority on all of Cox's federal claims, this Court may and does decline to exercise jurisdiction over Defendant's state law claims. Musson Theatrical, Inc. v. Federal Exp. Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996); see also Brandenburg v. Housing Authority of Irvine, 253 F.3d 891, 900 (6th Cir. 2001). The Court therefore **DENIES** Plaintiff's Motion for Partial Summary Judgment (doc. # 28), and **DISMISSES WITHOUT PREJUDICE** Cox's state law claims.

**III.**    **CONCLUSION**

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion for Partial Summary Judgment (doc. # 24), **DENIES** Plaintiff's Motion for Partial Summary Judgment (doc.

---

[3] In Count IV, Cox also requested attorneys' fees under 29 U.S.C. § 1132. Cox's claim is not a separate cause of action, but rather a request for a particular remedy. Cox is not entitled to attorneys' fees under 29 U.S.C. § 1132(g) because Priority is entitled to judgment as a matter of law on Cox's claim under 29 U.S.C. 1166.

# 28), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims.

    IT IS SO ORDERED.


                                                                                                             s/Susan J. Dlott

                                                                                                             Susan J. Dlott
                                                                                                             United States District Judge